# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
February 4, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ROSCO J. TAYLOR,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0881** (BOR Appeal No. 2049250)
                        (Claim No. 2013017395)

**LOWE'S HOME CENTERS, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Rosco J. Taylor, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Lowe's Home Centers, Inc., by James W. Heslep, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 7, 2014, in which the Board affirmed a February 13, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 23, 2013, decision to deny the request to add a ventral hernia as a compensable component of the claim. The Office of Judges also affirmed the claims administrator's May 23, 2013, decision to deny the request for a laparoscopic ventral hernia repair and an abdominal ultrasound. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On December 22, 2012, Mr. Taylor was working as a truck driver for Lowe's Home Centers, Inc., when a refrigerator fell onto his abdomen. Mr. Taylor sought treatment at Med Express. Med Express diagnosed an abdominal contusion. On January 3, 2013, Mr. Taylor filled out his report of occupational injury alleging he suffered an abdominal contusion. Mr. Taylor also reported to Med Express that day and was seen by Lisa Kessler, D.O., with a knot in his

1

stomach that burned. Dr. Kessler diagnosed Mr. Taylor as suffering from a contusion to the abdomen and ordered an abdominal ultrasound and B-scan. She instructed the Mr. Taylor to apply ice to the injured area and prescribed Ibuprofen 800 milligrams. She did not note any evidence of a ventral hernia.

A report issued on January 10, 2013, indicated Mr. Taylor reported back to Med Express, for another evaluation. Pamela Butcher, D.O., discontinued his medication Ibuprofen because of reported vomiting and prescribed Omeprazole 20 milligrams. She diagnosed Mr. Taylor with abdominal pain. Dr. Butcher did not diagnose a ventral hernia and did not note any evidence of its presence. Mr. Taylor was seen by Dr. Kessler again on January 22, 2013. Mr. Taylor complained of abdominal pain and a knot in his abdominal wall. She indicated that she was still awaiting an ultrasound of his abdomen. On January 30, 2013, Mr. Taylor had an ultrasound that revealed the presence of hepatosplenomegaly and was told that he might need a CT scan of his stomach. Mr. Taylor was instructed to get plenty of rest and continued to be restricted to light duty work by Tearsa Keatley, PA-C. The February 12, 2013, CT scan of Mr. Taylor's abdomen and pelvis revealed the presence of a small supra umbilical ventral hernia containing mesenteric fat.

On March 15, 2013, a report from Scott Killmer, M.D., documenting Mr. Taylor's examination was completed. Dr. Killmer confirmed that he had seen Mr. Taylor with regard to his ventral hernia. Dr. Killmer indicated that he had scheduled him for laparoscopic ventral hernia repair on April 4, 2013. Dr. Killmer also requested authorization for the surgery. As scheduled, on April 4, 2013, Dr. Killmer performed a laparoscopic repair of Mr. Taylor's hernia. Dr. Killmer noted that the reason for the procedure was that Mr. Taylor's mass was bulging and painful in his central abdomen. Mr. Taylor reported back to Dr. Killmer on April 18, 2013. Dr. Killmer advised that his incision had healed nicely although he noted a soft tissue mass at the previous hernia location. Dr. Killmer requested authorization for an abdominal ultrasound to rule out a possible hematoma. An April 26, 2013, ultrasound report revealed fluid collection in the area of Mr. Taylor's laparoscopic surgery.

On May 8, 2013, ChangFang Jin, M.D., conducted a record review. She indicated that the injury allegedly sustained on December 22, 2012, was not a likely cause for the ventral hernia. She indicated that in order for a hernia to occur not only does a structural abnormality of the abdominal need to be present but also a functional increase in the intra-abdominal pressure. She opined that his contusion was not a sufficient injury to cause of a ventral hernia. She indicated that the direct pressure to the abdominal wall which Mr. Taylor experienced would generally not suddenly increase intra-abdominal pressure. She advised that the medical records reflected that Mr. Taylor's symptoms happened ten days after the injury, which was contrary to a temporal relationship between the ventral hernia and the compensable injury. She also noted that the initial examination did not show evidence of an umbilical or ventral hernia. She also believed that it would not be easy to miss if present. She also noted that the surgeon's evaluation included a hernia in the umbilical area which was different in location from the compensable injury. Based upon her report, the claims administrator denied the request to add ventral hernia as a compensable component of the claim on May 23, 2013. The claims administrator also denied the

request for a laparoscopic ventral hernia repair and an abdominal ultrasound. Mr. Taylor protested both decisions to the Office of Judges.

The Office of Judges found that the ventral hernia suffered by Mr. Taylor was not received in the course of and as a result of his employment with Lowe's Home Centers, Inc. As a result, the Office of Judges determined that the request for a laparoscopic ventral hernia repair and an abdominal ultrasound were unnecessary because they did not address a compensable condition. The Office of Judges found that the requested treatments were reasonable treatments for the compensable abdominal contusion. The Office of Judges determined that Dr. Jin's report was the most credible and reliable report in the record. Dr. Jin opined that the injury and the ventral hernia were not related because of the difference in time between the injury and the first signs of the ventral hernia. Dr. Jin opined that if the hernia was present directly after the injury Drs. Butcher and Kessler would have seen it and recorded it on their respective reports because it would not have been easy to miss if it was present. Dr. Jin noted that Dr. Butcher did not mention the ventral hernia when she examined Mr. Taylor on January 10, 2013, and Dr. Kessler also did not mention this condition after examining Mr. Taylor on January 22, 2013. Dr. Jin also noted that Dr. Killmer did not opine that Mr. Taylor's ventral hernia was work related or not. Dr. Killmer did fill out an authorization form but did not explain if and why he thought the hernia was work-related. Because Dr. Jin explained why this was not a compensable injury in a persuasive way and no other evidence was introduced to refute her point, the Office of Judges found that the ventral hernia was not a compensable injury. Because the hernia was not a compensable injury, the Office of Judges determined that the repair and abdominal ultrasound related to it were also correctly refused. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the consistent decisions of the Office of Judges and Board of Review. Dr. Jin's report about the injury is credible and reliable. She explains how the temporal relationship between the injury and the hernia are too distant to support a causal connection. Her report is not directly refuted by any report or argument on behalf of Mr. Taylor. Because her report is credible and demonstrates how the hernia was not the result of his work injury, the Office of Judges and Board of Review were not in error to rely upon it. Furthermore, because the ventral hernia is not a compensable condition for the claim, the surgery and ultrasound related to it were also correctly denied as not medically related or reasonable required.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  February 4, 2016**

3

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II